**Eva WOLF, Plaintiff and Appellee,**

v.

**Kenneth SCHUMACHER, also known as Kenny Schumacher, individually and as next friend of Ryan Schumacher, a minor; Elizabeth Schumacher, also known as Betty Schumacher; Marlin Schumacher, Defendants and Appellants.**

Civ. No. 910029.

Supreme Court of North Dakota.

Nov. 20, 1991.

Schultz Law Firm, Bismarck, for plaintiff and appellee, argued by Alfred C. Schultz.

Wefald Law Office, Ltd., Bismarck, for defendants and appellants, argued by Robert O. Wefald.

LEVINE, Justice.

Kenneth, Elizabeth, Ryan, and Marlin Schumacher [Schumachers] appeal from a district court judgment ordering Kenneth and Elizabeth to execute a purchase money mortgage on certain property in favor of Eva Wolf and determining that Ryan and Marlin have no interest in the property. We affirm.

In 1985, Kenneth and Elizabeth agreed to purchase a condominium from Marvin Fried Construction, Inc., for $57,000. Kenneth's aunt, Eva, paid Fried Construction $20,000 as a downpayment for the condominium, and Kenneth and Elizabeth were to pay the balance over the next two to three years. Kenneth and Elizabeth encountered financial difficulties and on April 21, 1987, Eva paid Fried Construction the balance of $36,000. A deed transferring the condominium from Fried Construction to Ryan and Marlin, the children of Kenneth and Elizabeth, was filed on April 21, 1987.

When the Schumachers did not repay Eva, she sued them, alleging, in effect, that they agreed to provide her with a mortgage as security for the purchase price of the condominium. At trial, the parties disputed whether they agreed that the Schumachers would provide Eva with a purchase money mortgage on the condominium. According to the Schumachers, the $36,000 was a gift and, at the time that

Eva made the payment, she did not indicate that she wanted a mortgage on the condominium. According to Eva, the $36,000 was a loan and she asked for a mortgage when she paid the $36,000.

The trial court found that the $36,000 was intended as a loan for which Eva expected to receive a security interest in the condominium. The trial court determined that Kenneth and Elizabeth, not Ryan and Marlin, owned the property and that Ryan and Marlin had no interest in it. The trial court concluded that Eva was entitled to a purchase money mortgage on the property in the amount of $35,333 with interest at 6 percent per annum, payable in monthly installments of not less than $500, with the entire balance payable on or before October 1, 1994. Judgment was entered directing Kenneth and Elizabeth to execute a purchase money mortgage in favor of Eva. The judgment was also to be recorded in the office of the register of deeds for Burleigh County to provide third parties with notice of title to the property. The Schumachers appealed.

The Schumachers argue that the trial court erred in enforcing a purchase money mortgage on the condominium because, at the time that Eva paid the $36,000, there was no written mortgage and no oral agreement sufficiently performed to satisfy the statute of frauds. They contend that the trial court's statement that Eva "expected" to receive a security interest in the property is not indicative of a "binding reciprocal contract as a result of a meeting of the minds." Eva responds that the documentary evidence and her testimony establish that the parties agreed that she would receive a purchase money mortgage on the condominium in exchange for the $36,000.

Section 35–03–03, N.D.C.C., sets forth the standard form for a written mortgage; however, compliance with that form is not necessary to create a valid mortgage between the parties to a transaction. *Poyzer v. Amenia Seed and Grain Co.,* 381 N.W.2d 192 (N.D.1986). Section 35–03–01.1(1), N.D.C.C., defines a mortgage as

a "contract by which specific real property capable of being transferred is hypothecated for the performance of an act without requiring a change in possession." Section 35–03–01, N.D.C.C., provides that a "mortgage of real property can be created, renewed, or extended only by writing, executed with the formalities required in the case of a grant of real property." *See* Section 9–06–04(3), N.D.C.C. However, part performance of an oral contract removes it from the statute of frauds. *Poyzer v. Amenia Seed and Grain Co.*, 409 N.W.2d 107 (N.D.1987) [*Poyzer II*].

■ Whether or not an oral contract exists is a question of fact. *Poyzer II, supra.* We review questions of fact under the clearly erroneous standard of Rule 52(a), N.D.R.Civ.P. A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Poyzer II, supra.* A trial court's choice between two permissible inferences is not clearly erroneous. *Poyzer II, supra.*

■ In this case, the trial court found:

"Aside from the testimony, there are a number of documents in evidence which support the plaintiff's assertion that the $36,000 was not a gift but a loan which Mrs. Wolf expected to be repaid and for which she expected security. Payments were in fact made to her. See Exhibits 1, 2, and 3. Exhibit 2 was tendered to Mrs. Wolf as constituting a lien which would protect her $36,000 interest in the property.

\* \* \* \* \* \*

"The greater weight of the evidence does establish that the $36,000 was a loan and that Mrs. Wolf expected to receive a security interest in the property in return for paying off the balance owing on it."

Eva testified that the $36,000 was not a gift and that she "wanted to be sure that [she was] protected." Eva further testified that Kenneth and Elizabeth assured her that they would protect her. On April 21, 1987, Eva paid $36,000 to Fried Construction and Fried Construction deeded the property to Ryan and Marlin. The Schumachers all executed a note, dated May 1, 1987, in which they promised to pay Eva $36,000 at 6% interest in monthly payments of $500 beginning May 1, 1987. A typewritten notation on the back of the note said that the Schumachers all "promise[d] to pay the following note for the condo located at:"

"North Hills 6th

001

4 & S47,95' of L3 & W3,48' of L5–6

Less N104,05' of L6

Century Village 2 Townhomes

Unit 2909

Addr 2909 Manitoba Lane"

There was also evidence that Kenneth obtained an amortization schedule from First Federal Savings & Loan for a $36,000 loan at 6% interest. That schedule required monthly payments of $500. An instrument, dated December 10, 1987, purported to give Eva a security interest in the condominium and was signed by Elizabeth, but not by Kenneth.

We believe Eva's testimony and the documentary evidence support the trial court's finding that, at the time of the conveyance, there was an agreement that Eva's $36,000 payment was a loan which was secured by a purchase money mortgage. We do not read the trial court's finding that Eva "expected to receive a security interest in the property" so narrowly as to preclude a binding agreement between Eva and the Schumachers. We are not left with a definite and firm conviction that the trial court made a mistake in determining that the parties agreed that Eva's payment of $36,000 was a loan which was secured by a purchase money mortgage. Accordingly, we conclude that the trial court's findings of fact about the purchase money mortgage are not clearly erroneous.

The Schumachers also contend that the trial court clearly erred in determining that "Ryan and Marlin have not responded in this action, and have no interest, equitable or otherwise, in the property. The proper-

ty is owned by Kenneth and Elizabeth." The Schumachers assert that they all answered the complaint and the undisputed evidence establishes actual title to the property in the names of only Ryan and Marlin. Eva responds that the trial court essentially made a factual determination that Ryan and Marlin were not the owners of the property.

The trial court determined that title to the condominium was in Kenneth and Elizabeth despite the deed from Fried Construction to Ryan and Marlin. The trial court essentially decided that the deed to Ryan and Marlin was a sham. Although the proof required to negate the recitals in the deed to Ryan and Marlin must be clear and convincing [*Robar v. Ellingson*, 301 N.W.2d 653 (N.D.1981)], and the trial court's decision does not indicate that it applied that standard, it is undisputed that Ryan and Marlin were named as grantees because of a pending wrongful death action against Kenneth. The parties do not dispute this. It would serve no purpose to remand for application of a standard of clear and convincing evidence when the evidence is, as a matter of law, undisputed, unambiguous, and clear and convincing. We conclude that the trial court correctly determined that Kenneth and Elizabeth own the property.

The judgment is affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.